UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOLANDA MERCADO,

                            Plaintiff,

-against-

MOUNT PLEASANT COTTAGE UNION FREE
SCHOOL DISTRICT, *et al.*,

                            Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/2022

No. 19-CV-9022 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Yolanda Mercado ("Plaintiff") brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; and the New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL"), alleging that her employer, Mount Pleasant Cottage School Union Free School District ("Defendant School District"); Stephen Beovich, Superintendent ("Defendant Beovich"); Jessica Harris, Principal ("Defendant Harris"); and Daria Weitmann, School Psychologist ("Defendant Weitmann"), discriminated against her based on her race and national origin. Before the Court is Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (ECF No. 25.)

      For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

**I.   Factual Background**

1

The following facts are drawn from Plaintiff's complaints and filings, including Plaintiff's opposition memorandum to the instant motion.[1]  These facts are accepted as true and construed in the light most favorable to Plaintiff for purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff is a Hispanic, Puerto Rican female. (Compl. at 3, ECF No. 2.)  Since October 2016, Plaintiff had worked at Mount Pleasant Cottage School as a teacher's aide. (Compl. Addendum ("Compl. Add."), ¶ 1, ECF No. 2.)  Plaintiff was also a senior supervisor at the Jewish Child Care Association (JCCA) campus located within Defendant School District. (*Id*. ¶ 2.) Plaintiff avers that she "always received positive feedback and no disciplinary issues. (*Id*. ¶ 3.)

When Plaintiff was first hired at Defendant School District, she was assigned to work in Maria Alvarado's classroom as of October 2016. (*Id*. ¶ 4.)  Ms. Alvarado was a tenured teacher of Defendant School District. (*Id*. ¶ 4.)  Plaintiff states that she was aware that "Ms. Alvarado has a pending federal lawsuit for sexual harassment and retaliation against [Defendant School District] and [Defendant Harris], among others, under Case No. 18 Civ. 494 (NSR), in the Southern District of New York in White Plains." (*Id*. ¶ 5.)

Plaintiff alleges that, in May 2017, Defendant Jessica Harris, Principal of Defendant School District, tried to obtain false statements about Ms. Alvarado's allegedly inappropriate conduct in the classroom. (*Id*. ¶ 6.)  Plaintiff alleges that she told Defendant Harris "[Plaintiff] [was] going to

---

[1] For the purposes of considering a motion to dismiss pursuant to 12(b)(6), a court is generally confined to the facts alleged in the complaint. *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).  The court may, however, consider factual allegations made by a *pro se* party outside the complaint, such as in her papers opposing a motion to dismiss, to the extent that they are consistent with the allegations in the complaint. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *see also Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987).

write the truth that Ms. Alvarado was not inappropriate with student," and Harris "told [Plaintiff] to leave her office and did not have [Plaintiff] write any statements." (*Id*. ¶ 7.)

On or about June 2017, Plaintiff agreed to be named specifically as a witness in Ms. Alvarado's New York State Division of Human Rights (NYSDHR) complaint. (*Id*. ¶ 7.) Plaintiff was so named in Ms. Alvarado's July 11, 2017 NYSDHR complaint. (Pl. Opp. Affirmation at 2-3, ECF No. 29.) Plaintiff alleges that Defendant School District received and responded to Ms. Alvarado's complaint. (Compl. Add. ¶ 7, ECF No. 2.) Plaintiff states that she was also named in the federal complaint subsequently filed by Ms. Alvarado "after [Ms. Alvarado] withdrew at the [NYSDHR] to pursue her claims in federal court." (Pl. Opp. Affirmation at 3.)

Plaintiff avers that since she has "refused to cooperate with [Defendant School District] in [its] pursuit of Ms. Alvarado," she has been retaliated against by Defendant School District. (Compl. Add. ¶ 8.) Specifically, Plaintiff alleges that she has been denied at least three opportunities to be promoted to the position of school safety monitor, (*id*. ¶ 9), a position "which would have provided [Plaintiff] [with] more pay and benefits than the teacher's aide position." (Opp. Affirmation at 3.) Plaintiff states that she has "more seniority in the [Defendant School District] than the individuals who received the position." (*Id*. ¶ 9.) Plaintiff identifies these individuals in her Opposition Affirmation as "Fred Singleton and Ms. Silvers and Palmeira Torres." (Pl. Opp. Affirmation at 3.) Plaintiff further states that she "had more seniority" than Defendant Harris as well. (*Id*. at 3.)

On January 3, 2019, Plaintiff's position was "summarily terminated." (Compl. Add. ¶ 8.) Plaintiff alleges that the termination was "based on an allegation that [Plaintiff] lied to Principal Harris about taking students to Ms. Alvarado's classroom." (*Id*. ¶ 10.) Plaintiff avers that the allegation is completely untrue, and that she was "never previously directed not to bring students

3

to [Ms. Alvarado's] classroom in any event." (*Id*.)  Plaintiff further states that "this sudden termination came as a complete shock and surprise to [her] without any notice." (*Id*.)  Plaintiff states it is her belief that she has been "retaliated against with termination based on being a witness for Ms. Alvarado in her employment discrimination and retaliation case against [Defendant School District]'s interest." (*Id.* ¶ 9.)

**II.   Procedural History**

Plaintiff commenced the instant action on or about September 27, 2019 by filing of Complaint and a request to proceed *in forma pauperis* (IFP). (ECF No. 1-2.)  Plaintiff's IFP application was granted on September 30, 2019. (ECF No. 3.)  On March 3, 2020, Defendants' counsel filed a letter dated January 15, 2020 stating that Defendants' counsel was "prepared to agree to deem all defendants served with the permission of the Court to file either an answer on their behalf or request for pre-motion conference by January 27, 2019 and request that the Court so order." (ECF No. 13.)  The Court endorsed the letter on the same day and extended all Defendants' time to respond to the Complaint by a pre-motion letter until January 27, 2020. (ECF No. 13.)

On May 8, 2020, Defendants filed a motion to dismiss (ECF No. 14) and Defendants' counsel's affirmation in support. (ECF No. 15).  Defendants' memorandum of law in support of motion to dismiss was filed on May 11, 2020 due to deficient docket entry on May 8, 2020. (ECF No. 18.)  On July 24, 2020, the Court received a letter from Plaintiff, in which she states that she did not receive any of the papers in relation to the motion to dismiss filed by Defendants on May 8 and 11, 2020. (ECF No. 20.)  Plaintiff further states that she was only made aware of the motion after a status inquiry she made to the *Pro Se* Clerk's Office. (ECF No. 20.)

4

On July 27, 2020, Defendants filed a letter addressed to the Court, in which Defendants recounted the procedural history of the case and requested that "the Court either hold the Defendants' motion to dismiss the Complaint in abeyance, while giving the pro se Plaintiff an opportunity to respond to [Defendants'] pre-motion conference request letter of January 17, 2020," or "alternatively, set a schedule for the Plaintiff to respond to the Defendants' motion to dismiss the Complaint and for the Defendants to file a reply." (ECF No. 21.)

On March 13, 2021, the Court issued a memorandum endorsement clarifying that the March 3, 2020 memorandum endorsement granted Defendants an extension of time to file a pre-motion letter, but did not grant Defendants leave to file a motion to dismiss or set a briefing schedule for such a motion. (ECF No. 23.) Accordingly, the Court denied Defendants' motion to dismiss without prejudice for failure to follow the Court's Individual Practices Section 3(A)(ii), but granted Defendants leave to file its motion to dismiss with the following briefing schedule: Defendants' moving papers to be served (not filed) on March 19, 2021; Plaintiff's opposition to be served (not filed) on April 19, 2021; and Defendants' reply to be served on May 4, 2021. Defendants were directed to serve Plaintiff and to file all motion papers, including Plaintiff's motion papers, on the reply date, May 4, 2021. (*Id.*)

On April 16, 2021, Plaintiff filed her memorandum of law in opposition to defendant's motion to dismiss. (ECF No. 24.) Defendant filed the instant motion (ECF No. 25) and the accompanying papers on May 4, 2021. (ECF No. 26-29.)

## LEGAL STANDARD

I. **Federal Rule of Civil Procedure 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a complaint is properly dismissed for lack of subject matter jurisdiction when the District Court lacks the statutory power to adjudicate it. *See*

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based. *See Makarova*, 201 F.3d at 113.

When the Rule 12(b)(1) motion is facial, *i.e.,* based solely on the allegations of the complaint or the complaint and exhibits attached to it, the plaintiff has no evidentiary burden. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (internal citations omitted). The task of the District Court is to determine whether the complaint and attached exhibits "allege facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." *See, e.g., Selevan v. New York Thruway Authority,* 584 F.3d 82, 88 (2d Cir.2009) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

## II.     Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must supply "factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). A court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citation omitted).

For the purposes of considering a motion to dismiss pursuant to 12(b)(6), a court is generally confined to the facts alleged in the complaint. *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). The court may, however, consider factual allegations made by a *pro se* party outside the complaint, such as in his papers opposing a motion to dismiss, to the extent that they are consistent with the allegations in the complaint. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987). The court may also consider documents attached to the complaint and statements or documents incorporated into the complaint by reference. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

Where a plaintiff proceeds *pro se*, the court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). Nevertheless, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law," *id.* at 403, and the court's "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Davila v. Lang*, 343 F. Supp. 3d 254, 266 (S.D.N.Y. 2018) (internal citations omitted).

## DISCUSSION

Defendants seek to dismiss all claims brought by Plaintiff pursuant to Rule 12(b)(1) and (6). ("Def. Mot.", ECF No. 25.) Specifically, Defendants argue that (1) NYCHRL does not apply to Defendants because Plaintiff did not work in New York City; (2) the Court lacks subject matter jurisdiction over Plaintiff's NYSHRL claims due to NYSDHR's finding of "No Probable Cause"; (3) Plaintiff fails to plead non-conclusory facts and fails to allege that the adverse employment action she suffered was a protected activity under Title VII. The Court addresses each of Defendants' claims below.

**I.   NYCHRL Claims**

Defendants contend that the Court must dismiss Plaintiff's claims under the NYCHRL because the alleged adverse employment actions did not take place in New York City. (Def. Mot. at 9, ECF. No. 25.)  The Court agrees.

New York State law and the New York City Administrative Code limit the applicability of the NYCHRL to acts occurring within the boundaries of New York City. *See* N.Y. Gen. Mun. Law § 239-s (1999); N.Y.C. Admin. Code § 2-201 (2003); *see also Germano v. Cornell Univ.*, 2005 WL 2030355 (S.D.N.Y. Aug. 17, 2005) ("To state a claim under the NYCHRL, plaintiff must allege that the defendants intentionally discriminated against them within New York City." (citations omitted)).

Here, Plaintiff alleges that the adverse employment actions she suffered took place at the Mount Pleasant Cottage School within Defendant School District, which both parties admit is in Pleasantville, Westchester County, and not New York City. (Compl. at 3.)  There is also no indication anywhere in Plaintiff's pleadings and filings that any of the alleged discriminatory and retaliatory conducts by Defendants occurred within the boundaries of New York City. Accordingly, the Court dismisses Plaintiff's NYCHRL claims without prejudice.

**II.   Subject Matter Jurisdiction Over NYSHRL Claims**

Defendants next argue that this Court lacks subject matter jurisdiction over Plaintiff's NYSHRL claims because Plaintiff's complaint to NYSDHR, which alleged the same underlying conducts by Defendants, was dismissed for "No Probable Cause." (Def. Exhibit 2, ECF No. 26-2.)  The Court agrees.

By terms of the statute,[2] a NYSHRL claim, once brought before the NYSDHR, may not

---

[2] The NYSHRL provides, in relevant part, "[such] person who has "filed a complaint hereunder [with the NYSDHR] or with any local commission on human rights" is barred from filing a lawsuit for the same cause of

8

be brought again as a plenary action in another court, *Moodie v. Federal Reserve Bank of New York*, 58 F.3d 879, 882 (2d Cir.1995), unless the NYSDHR complaint was dismissed on grounds of "administrative convenience[,] ...untimeliness[,] ... [or where] the election of remedies is annulled." N.Y. Exec. Law § 298; *see also York v. Ass'n of Bar of City of New York*, 286 F.3d 122, 127 (2d Cir. 2002).

Here, the Court takes notice that Plaintiff filed a verified complaint (Def. Exhibit 2, ECF No. 26-2.) with NYSDHR on January 17, 2019, alleging the same incidents and causes of action against the same defendants. *See Elite Union Installations, LLC v. Nat'l Fire Ins. Co. of Hartford*, No. 20-CV-4761 (LJL), 2021 WL 4155016, at *4 (S.D.N.Y. Sept. 13, 2021) ("Courts may. . . 'take judicial notice of certain matters of public record without converting the motion into one for summary judgment.'") (quoting *Wells Fargo Bank, N.A. v. Wrights Mill Holdings*, LLC, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015)); *see also Rahman v. Schriro*, 22 F. Supp. 3d 305, 311 (S.D.N.Y. 2014) ("Matters of public record include. . .statutes, case law, city charters, city ordinances, criminal case dispositions, letter decisions of government agencies, published reports, records of administrative agencies.") (internal citations omitted).

By "Determination and Order After Investigation" dated May 31, 2019, NYSDHR found that "[a] review of the evidence does not support [Plaintiff's] assertion that [Defendants] targeted [Plaintiff] because she is Hispanic," and "the record . . . includes insufficient evidence to support a nexus between [Plaintiff's] act of opposing discrimination and [Defendants'] decision to terminate her employment." (Def. Exhibit 2 at 2, ECF No. 26-2.)  Consequently, NYSDHR "determined that there is NO PROBABLE CAUSE to believe that [Defendants] have engaged in

---

action unless the NYSDHR complaint was dismissed on grounds of "administrative convenience[,] ...untimeliness[,] ... [or where] the election of remedies is annulled." N.Y. Exec. Law § 297(9).

. . . unlawful discriminatory practice complained of" and closed Plaintiff's case. (*Id*. at 2.)

As the Second Circuit affirmed in *Bleichert v. New York State Educ. Dep't*, where, as here, Plaintiff filed an administrative complaint with the NYSDHR and the complaint was dismissed for reasons other than administrative convenience, untimeliness, or annulment of the election of remedies, District Courts are deprived of "subject matter jurisdiction based on the statutory election of remedies provision established by N.Y. Exec. Law § 297(9)." 793 F. App'x 32, 35 (2d Cir. 2019). Since the Court is without jurisdiction over Plaintiff's NYSHRL claims, these claims are dismissed without prejudice.

### III.  Title VII Claims

Defendants challenge Plaintiff's Title VII claims on the following grounds: (1) there is no individual liability under Title VII; (2) Plaintiff fails to plead sufficient facts to establish that Defendants passed over her for promotion due to her race and/or national origin; (3) Plaintiff fails to plead that she engaged in protected activity under Title VII by acting as a witness for Ms. Alvarado, or that her termination was caused by the alleged protected activity. Plaintiff asserts that the facts alleged are sufficient to support her claims at the motion to dismiss stage.

   *A. No Individual Liability Under Title VII* [3]

Title VII does not provide for individual liability. *See* 42 U.S.C.A. § 2000e(b); *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313–17 (2d Cir.1995) ( "Congress never intended to hold agents individually liable for violations of [Title VII]"), *abrogated on other grounds by Burlington Indus. v. Ellerth,* 524 U.S. 742 (1998); *see also Schiano v. Quality Payroll Sys.,* 445 F.3d 597, 608 n. 8 (2d Cir.2006); *Bernstein v. Seeman*, 593 F. Supp. 2d 630, 633–34 (S.D.N.Y. 2009). This rule also

---

[3] Although an individual "who actually participates in the conduct giving rise to the discrimination claim may be held personally liable" under the New York State Human Rights Law, *Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995)), in the instant case, Plaintiff's NYSHRL claims have already been dismissed for lack of subject matter jurisdiction.

applies to claims of retaliation under Title VII. *See Bernstein*, 593 F. Supp. 2d at 633; *McKenzie v. Gibson,* No. 07 Civ. 6714, 2008 WL 3914837, at *2 (S.D.N.Y. Aug. 25, 2008) (dismissing Title VII discrimination and retaliation claims against individual defendants). Accordingly, the Court must dismiss Plaintiff's Title VII claims against individual Defendants Beovich, Harris, and Weitmann with prejudice.

> B. *Plaintiff Fails to Allege Discrimination Based on Her Race and/or National Origin*

A liberal reading of the Complaint indicates that Plaintiff's Title VII discrimination claims arises from Defendants' failure to promote Plaintiff to the position of "school safety monitor." (Compl. at 16, ECF No. 2; Pl. Opp. Affirmation at 3, ECF No. 24.)

A plaintiff establishes a claim for Title VII discrimination by showing that "race [and national origin] ... [were] the motivating factors for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e–2(m). To establish a *prima facie* discrimination claim for failure to promote, a plaintiff must establish that "(1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Aulicino v. N.Y. City Dep't of Homeless Servs.*, 580 F.3d 73, 80 (2d Cir. 2009). Plaintiffs must provide "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (quoting *Littlejohn v. New York*, 795 F.3d 297, 310 (2d Cir. 2015)) (internal quotation marks omitted). While "a discrimination complaint need not allege facts establishing each element of a *prima facie* case of discrimination to survive a motion to dismiss, it must nevertheless comply with the plausibility standard set forth in *Twombly* and *Iqbal*." *Chung v. City Univ. of N.Y.*, 605 F.

App'x 20, 21–22 (2d Cir. 2015) (quoting *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014)) (internal quotation mark omitted) (citations omitted).

Plaintiff fails to state a facially plausible claim for either race- or national origin-based discrimination under Title VII. While Plaintiff establishes that she is a member of a protected class, Plaintiff does not expressly allege that she applied for the promotion to the position of school safety monitor, or that she was qualified for that position. Even if the Court were to infer that she applied to the position each of the "at least three" occasions in which she was passed over (Pl. Opp. Affirmation at 3), Plaintiff's Complaint contains no facts to suggest that "Fred Singleton," "Ms. Silvers" and "Palmeira Torres", the individuals who Plaintiff identified to have received the position from Defendant School District, had similar qualifications as Plaintiff. (*Id*. at 3.)

Consequently, despite a liberal reading of the pleadings to raise the strongest argument possible, the Court is unable to locate even minimal support for the proposition that Defendant School District's alleged failure to promote Plaintiff was motivated by discriminatory intent.[4] *See Moultry v. Rockland Psychiatric Ctr.*, No. 17-CV-4063 (NSR), 2018 WL 5621485, at *3–4 (S.D.N.Y. Oct. 30, 2018). Thus, the Court cannot draw any reasonable inferences that Plaintiff has plead a plausible claim upon which Defendant School District may be liable for discrimination on the basis of Plaintiff's race or national origin. Accordingly, Plaintiff's Title VII failure to promote claim is dismissed without prejudice.

   C.  *Plaintiff Sufficiently Plead Retaliation Under Title VII*

---

[4] The Complaint does not appear to allege that Plaintiff's termination by Defendant School District was motived by discriminatory intent based on Plaintiff's race and national origin. Instead, in the sections recounting her termination, Plaintiff expressly avers that she "believe[s]" "this sudden termination" was "based on [her] being a witness for Ms. Alvarado in her [NY]SDHR complaint and federal case." (Compl. at 16 ¶ 10-11, ECF No. 2.)

Plaintiff also alleges that Defendant School District retaliated against her in violation of Title VII.  Specifically, Plaintiff alleges that her termination resulted from her "being a witness for Ms. Alvarado in her [NY]SDHR complaint and federal case." (Compl. at 16 ¶ 10-11, ECF No. 2.)

At  the motion to dismiss stage  for  a Title VII retaliation  claim, "the allegations in the complaint need only give plausible support to the reduced *prima facie* requirements that arise under *McDonnell Douglas* in the initial phase of a Title VII litigation." *Littlejohn v. New York*, 795 F.3d 297, 318 (2d Cir. 2015).  To establish a presumption of retaliation at this initial stage of litigation, a plaintiff must present evidence that shows "that (1) [she] was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and the materially adverse action." *Rivera v. Rochester Genesee Reg'l Transp. Auth.,* 743 F.3d 11, 24 (2d Cir. 2014) (international quotation marks omitted).

Defendant School District does not dispute its awareness of Plaintiff serving as a witness in Ms. Alvarado's NYSDHR case, or that its termination of Plaintiff constitutes a materially adverse action.  Yet, Defendant School District asserts that Plaintiff's "[s]imply agreeing" to serve as a witness in another employee's case and complaint against itself does not constitute a "protected activity." (Def.'s Mot. at 7, ECF No. 27.)  In support of its assertion, Defendant School District points to the statutory language of Title VII: "[Title VII forbids an employer from retaliating against an employee] . . . *because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.*" (emphasis in original) (Def.'s Mot. at 7.)  In essence, Defendant School District is arguing that Plaintiff's level of "activity"—specifically, agreeing to be named and eventually being named as

witness for a co-worker's discrimination administrative proceeding and federal action—does not amount to the level of participation required by the statute. (*Id*. at 7.) The Court disagrees.

The statutory language quoted by Defendant School District is from Section 704 (a) of Title VII, the so-called anti-retaliation clause. The clause reads, in pertinent part:

> It shall be an unlawful employment practice for an employer to discriminate against any of [its] employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or *participated in any manner* in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e–3(a) (emphasis added). With respect to the requisite participation under Section 704 (a), Defendant School District's argument has been expressly rejected by the Second Circuit in *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166 (2d Cir. 2005). Jute, like Plaintiff in the instant case, agreed to be named and was eventually named in a co-worker's Title VII action against their mutual employer. *Id*. at 173-74. Although Jute was never actually called to be the witness in her co-worker's federal action, the Second Circuit, affirming the District Court's holding, ruled that Jute's agreement to be named as a potential witness was sufficient as "participation" for the anti-retaliation clause of Title VII. *Id*.

Indeed, as the Second Circuit recognized in *Jute*, "Congress chose to provide wide-ranging protection by shielding an employee who participate[s] in any manner in a Title VII proceeding," and "[i]t would be destructive of this purpose to leave an employee who is poised to support a co-worker's discrimination claim wholly unprotected." *Jute*, 420 F.3d at 175. The same principle applies here, and accordingly the Court concludes that Plaintiff engaged in protected activity under Title VII.

The more difficult issue is whether Plaintiff has sufficiently pled a but-for connection between her protected activity and Defendant School District's retaliatory conduct. The Second Circuit's decision in *Vega v. Hempstead Union Free Sch. Dist.* provides the relevant framework

for the Title VII retaliation analysis. As the *Vega* Court explained, a plaintiff must plausibly plead a connection between the purportedly retaliatory conduct and her engagement in protected activity. 801 F.3d 72 (2d Cir. 2015). Additionally, the retaliation must be the "but-for cause" of the employer's adverse action. *Id* at 90. "It is not enough that the retaliation was a substantial or motivating factor." (internal quotation marks and brackets omitted). *Id*. at 90-91. Nevertheless, "but-for causation does not require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Zann Kwan v. Andalex Grp. LLC,* 737 F.3d 834, 846 (2d Cir.2013).

In the instant case, the Court concludes, after due consideration, that Plaintiff sufficiently alleges the causal link between her agreement to testify for Ms. Alvarado and her termination. In seeking dismissal, Defendant School District relies primarily on the approximate seventeen months lapsed between the time when NYSHRD "found that Ms. Alvarado named Plaintiff as a witness" and Plaintiff's termination. (Def.'s Mot at 7-8, ECF No. 27.) Defendant School District would have been correct if Plaintiff were alleging that her being named as a witness for Ms. Alvarado's NYSHRD proceeding was the sole protected activity she engaged in. *See Garcia v. Yonkers Bd. of Educ.*, 188 F. Supp. 3d 353, 360 (S.D.N.Y. 2016) (holding that where a plaintiff attempts to use temporal proximity to establish causation, the "temporal proximity must be 'very close.'") (citing *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)). However, Defendant School District overlooked, purposely or inadvertently,[5] Plaintiff's agreement to serve as a witness in *Alvarado v. Mount Pleasant Cottage School District et al.*, No. 18 Civ. 0494 (NSR), No. 18 Civ. 0494 (NSR)*,* a case currently pending before this Court.

---

[5] Because Defendants' counsel is also counsel for the same defendants in *Alvarado v. Mount Pleasant Cottage School District et al.*, No. 18 Civ. 0494 (NSR), such omission, if inadvertent, would be perplexing.

To raise the strongest argument possible from *pro se* Plaintiff's pleadings, Plaintiff is alleging that Defendant School District terminated her on January 3, 2019 because she agreed to and is likely to eventually serve as a witness for Ms. Alvarado in a pending federal trial against Defendant School District, in addition to her being named as a witness for the NYSHRD proceeding.  The Court takes notice that (1) Ms. Alvarado's case, *Alvarado v. Mount Pleasant Cottage School District et al.*, was pending before this Court at the time of Plaintiff's termination; (2) the parties *Alvarado* elected to proceed to a trial by jury and have completed discovery; and (3) *Alvarado* is currently at the stage of summary judgment, with the possibility of proceeding to a jury trial.  There is no question as to Defendant School District's knowledge of *Alvarado*'s posture, since it is also the defendant in *Alvarado* and is represented in that case by the same counsel as the case at bar.  Thus, Plaintiff's protected activity is not only a discrete occurrence outside the range of reasonable "temporal proximity" as Defendant School District asserts, but also a prospective and potential action against Defendant's interests at the time of Plaintiff's termination.

Based upon Plaintiff's allegations, and given that Plaintiff's burden of proof as to a *prima facie* retaliation claim "has been characterized as minimal and *de minimis*," *Percy v. New York (Hudson Valley DDSO)*, 264 F. Supp. 3d 574, 586 (S.D.N.Y. 2017) (citing *Zann Kwan v. Andalex Group LLC,* 737 F.3d 834, 844 (2d Cir. 2013)), the Court concludes that Plaintiff has plausibly alleged a *prima facie* case of retaliation at this juncture, and will let discovery unveil additional facts on the element of causation.  Accordingly, Defendants' motion to dismiss Plaintiff's Title VII retaliation claims is denied.

## LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15, a court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff is granted leave to amend her complaint on the claims that are dismissed without prejudice. However, Plaintiff is advised that, although her NYCHRL and NYSHRL claims are dismissed without prejudice, it is likely futile to amend either of these claims, since Plaintiff did not work in New York City, and this Court lacks subject matter jurisdiction to adjudicate Plaintiff's NYSHRL claims.

If Plaintiff chooses to submit a Second Amended Complaint, Plaintiff must compile all her allegations, including the undismissed claims and the claims that are dismissed without prejudice, into one single document. Plaintiff must include all factual allegations in the Second Amended Complaint.

Plaintiff may contact New York Legal Assistance Group's Legal Clinic for *Pro Se* Litigants in the Southern District of New York to seek assistance.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part, DENIES in part Defendants' motion to dismiss. (ECF No. 25.) Specifically, the Court GRANTS the motion with respect to Plaintiff's (1) NYCHRL claims; (2) NYSHRL claims; (3) all Title VII claims against Defendants Stephen Beovich, Jessica Harris, and Daria Weitmann, (collectively, "Individual Defendants"); and (4) Title VII discrimination claims on the basis of race and national origin. The Court DISMISSES all these claims without prejudice, except for all Title VII claims against the Individual Defendants, which the Court DISMISSES with prejudice. The Court DENIES the motion with respect to Plaintiff's Title VII retaliation claim.

Plaintiff is granted leave to file a Second Amended Complaint as to any claims that have not been dismissed with prejudice.  If Plaintiff chooses to do so, she will have until June 27, 2022, to file a Second Amended Complaint.  Defendant School District is then directed to answer or otherwise respond by July 27, 2022.  If Plaintiff fails to file a Second Amended Complaint within the time allowed, and she cannot show good cause to excuse such failure, any claims dismissed without prejudice by this order will be deemed dismissed with prejudice.  If no Second Amended Complaint is timely filed, the parties are directed to complete and file a Case Management Plan and Scheduling order by July 27, 2022.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 25.

Dated: April 27, 2022
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge